IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY MACK THOMAS, # 239311,   )
                                )
       Petitioner,           )
                                )
   v.                     )   Civil Action No. 1:13cv559-WHA
                                )        (WO)
DEWAYNE ESTES, *et al.*,       )
                                )
       Respondents.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on an amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Johnny Mack Thomas ("Thomas") on August 3, 2013.[1]  Doc. No. 1.  Thomas presents claims challenging the constitutionality of his convictions in the Circuit Court of Dale County, Alabama, on charges of first-degree sexual abuse and first-degree sodomy.  The respondents argue Thomas's petition is time-barred by the one-year limitation period applicable to § 2254 petitions.  *See 2*8 U.S.C. § 2244(d).  Doc. No. 10.  Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Thomas's petition should be denied as

---

[1] Although the petition was stamped as received in this court on August 6, 2014, it was signed by Thomas on August 3, 2014.  Doc. No. 1 at 7.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Thomas] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Exhibits submitted by the respondents reflect that in November 2004 a Dale County

jury found Thomas guilty of first-degree sexual abuse and first-degree sodomy.  Ex. C at 8.

On January 6, 2005, the trial court sentenced Thomas to concurrent terms of 10 and 33 years'

imprisonment. *Id*. Thomas appealed, and the Alabama Court of Criminal Appeals affirmed his convictions and sentence in a memorandum opinion issued on September 23, 2005. Ex. A. Thomas did not petition for certiorari review with the Alabama Supreme Court. On October 12, 2005, the Alabama Court of Criminal Appeals issued its certificate of judgment. Ex. B.

Because Thomas did not seek certiorari review in the state supreme court, he was not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court; therefore, his conviction became final, for federal habeas purposes, on October 12, 2005, when the Alabama Court of Criminal Appeals issued its certificate of judgment. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). The one-year period for filing his federal petition commenced on that date. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the limitation period would expire one year later, on October 12, 2006. Thomas filed the instant § 2254 petition on August 3, 2013.[2]

Thomas file no state post-conviction petitions during the year after his conviction became final. Although he filed state post-conviction motions in 2012 and 2013 challenging his sentence (*see* Exs. C through J), those filings did not toll the federal limitation period under 28 U.S.C. § 2244(d)(2), because they occurred after the federal limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations

---

[2] Thomas filed an amendment to his petition on October 9, 2013. Doc. No. 13. The amendment clarified the claims in his original petition.

has expired, it does not toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Thomas.  There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

The federal limitation period for Thomas to file a timely § 2254 petition ran unabated from October 12, 2005, before expiring one year later on October 12, 2006.  *See* 28 U.S.C. § 2241(d)(1)(A).  Thomas did not file his § 2254 petition until August 3, 2013.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Thomas fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period.  Consequently, he is not

entitled to equitable tolling.

Thomas argues the federal limitation period does not apply to his § 2254 petition because he raises what he says is a "jurisdictional" claim in his petition about whether he was ever arrested. *See* Doc. No. 15 at 1-2. If this court were an Alabama court, Thomas's argument regarding jurisdictional claims might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no similar exception to the limitation period in 28 U.S.C. § 2244(d). Thus, Thomas's purportedly jurisdictional claim does not entitle him to any relief from operation of the federal statutory limitations bar.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on October 12, 2006. Because Thomas did not file his § 2254 petition until August 13, 2013, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 13, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE